IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

LISA K. SEXTON, LINDA          )
NELSON, BRITTENEY BAKER,       )
CARLA ARNDT, MICHELLE          )
DURYEA, JOHELEN WILLIAMS,      )
LYNETTE J. ROBERTSON,          )
ALISA E. PARDE, CAROLINE       )
RICHARDSON, ERICA J.           )
COCHRAN, DIANE R. HOLBROOK,    )
FRANCES BEAVER, SYDNEY         )
DECAFIANO, ASHLEY GRIFFITH,    )
TAMARA EVANS, ELISA SEASTRONG, )
TYRESHA HICKERSON, CHRISTINA   )
GLASS, SHARON TURNELL,         )
SHONDRA MCNALLY, DINAH         )
TURRENTINE-SIMS, HOLLAND       )
LORENSEN, TASHA RYAN, and      )
CONNIE TORRES,                 )
                               )
            Plaintiffs,        )          8:14CV164
                               )
        v.                     )
                               )
MICHAEL KENNEY, et al.,        )          MEMORANDUM AND ORDER
                               )
            Defendants.        )
_____)


        This matter is before the Court on Motions for Leave to

Proceed in Forma Pauperis ("IFP") filed by the following

plaintiffs:  Lisa Sexton (Filing No. 2 and Filing No. 58), Alisa

Parde (Filing No. 54), Erica Cochran (Filing No. 57), Frances

Beaver (Filing No. 59), Tamara Evans (Filing No. 60), Sharon

Turnell (Filing No. 61), Elisa Seastrong (Filing No. 62),

Christina Glass (Filing No. 63), Sydney Decapiano (Filing No.

64), Caroline Richardson (Filing No. 65), and Ashley Griffith

(Filing No. 66).  The Court has received certified copies of these plaintiffs' trust account statements.  These plaintiffs are permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  In re Tyler, 110 F.3d at 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiffs must pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  Accordingly, the Court finds that:

- Lisa Sexton's initial partial filing fee is $4.96, based on an average monthly account balance of $24.81.

- Alisa Parde's initial partial filing fee is $4.92, based on an average monthly account balance of $24.63.

- Erica Cochran's initial partial filing fee is $1.93, based on an average monthly account balance of $9.66.

- Frances Beaver's initial partial filing fee is $11.97, based on an average monthly account balance of $59.89.

-2-

- Tamara Evans' initial partial filing fee is $2.58, based on an average monthly account balance of $12.91.

- Sharon Turnell's initial partial filing fee is $0.11, based on an average monthly account balance of $0.55.

- Elisa Seastrong's initial partial filing fee is $5.24, based on an average monthly account balance of $26.21.

- Christina Glass' initial partial filing fee is $13.79, based on an average monthly account balance of $68.96.

- Sydney Decapiano's initial partial filing fee is $15.21, based on an average monthly account balance of $76.08.

- Caroline Richardson's initial partial filing fee is $27.53, based on an average monthly account balance of $137.69.

- Ashley Griffith's initial partial filing fee is $1.35, based on an average monthly account balance of $6.77.

These plaintiffs must pay their initial partial filing fee within 30 days from the date of this Memorandum and Order. <u>This matter will be dismissed as to any plaintiff who does not submit payment by the deadline</u>.  However, any plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, plaintiffs must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." <u>28 U.S.C. § 1915(b)(2)</u>.  The statute places the burden on a prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial
> partial filing fee, the prisoner

-3-

> shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

The clerk's office shall send a copy of this Memorandum and Order to the appropriate financial official at plaintiffs' institution. Each plaintiff will remain responsible for the entire filing fee, as long as she is a prisoner, even if the case is dismissed at some later time. *See* *In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS ORDERED:

1. The following plaintiffs' Motions for Leave to Proceed IFP are granted: Lisa Sexton (Filing No. 2 and Filing No. 58), Alisa Parde (Filing No. 54), Erica Cochran (Filing No. 57), Frances Beaver (Filing No. 59), Tamara Evans (Filing No. 60), Sharon Turnell (Filing No. 61), Elisa Seastrong (Filing No. 62), Christina Glass (Filing No. 63), Sydney Decapiano (Filing No. 64), Caroline Richardson (Filing No. 65), and Ashley Griffith

-4-

(Filing No. 66).

       2.   Plaintiffs shall each pay an initial partial filing fee in the amount specified above, unless an enlargement of time is granted in response to a written motion.  <u>This matter will be dismissed as to any plaintiff who does not submit payment by the deadline</u>.

       3.   After payment of the initial partial filing fee, plaintiffs' institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

       4.   The clerk's office is directed to send a copy of this order to the appropriate official at plaintiffs' institution.

       5.   The clerk's office is directed to set a pro se case management deadline in this case using the following text: **September 22, 2014**:  initial partial filing fee payments due.

       6.   Plaintiffs shall keep the Court informed of their current addresses at all times, and all parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

       DATED this 18th day of August, 2014.

                    BY THE COURT:

                    /s/ Lyle E. Strom

-5-

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.
The U.S. District Court for the District of Nebraska does not endorse,
recommend, approve, or guarantee any third parties or the services or products
they provide on their Web sites.  Likewise, the Court has no agreements with
any of these third parties or their Web sites.  The Court accepts no
responsibility for the availability or functionality of any hyperlink.  Thus,
the fact that a hyperlink ceases to work or directs the user to some other
site does not affect the opinion of the Court.