IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA K. SEXTON, ALISA E. PARDE, CAROLINE RICHARDSON, ERICA J. COCHRAN, FRANCES BEAVER, SYDNEY DECAFIANO, ASHLEY GRIFFITH, TAMARA EVANS, ELISA SEASTRONG, CHRISTINA GLASS, and SHARON TURNELL, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV164 |
| v. | ) ) | |
| MICHAEL KENNEY, et al., | ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court for case management. This action was filed by 24 prisoner plaintiffs on May 27, 2014. This case represents the enormous practical difficulties involved in progressing a case brought by multiple pro se prisoners. Specifically, of the 24 prisoner plaintiffs who signed the complaint, only one -- Lisa Sexton, the "lead plaintiff"[1] -- has paid the initial partial filing fee *and* indicated a willingness to prosecute the case.

---

[1] The Court designates plaintiff Lisa Sexton as the lead plaintiff for purposes of this Memorandum and Order because the complaint (Filing No. 1) and other motions filed to date indicate that she has taken the initiative to bring this action. Sexton delivered the complaint to the Court and her name is listed first on the pleadings.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, it will be the general practice of the undersigned judge to alert plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation. In addition, it will be the general practice of the undersigned judge to offer the non-lead plaintiffs an opportunity to withdraw from the litigation before the case progresses further. In keeping with this practice,

IT IS ORDERED:

1. The following plaintiffs are dismissed from this action without prejudice: Alisa Parde, Erica Cochran, Frances Beaver, Sydney Decapiano, Ashley Griffith, Tamara Evans, Elisa Seastrong, Christina Glass, and Sharon Turnell. Parde, Beaver, Decapiano, Griffith, Glass, and Turnell asked to be dismissed from this action. Cochran, Evans, and Seastrong failed to pay the initial partial filing fee and failed to show cause for their failure to do so.

2. Parde, Beaver, Decapiano, Griffith, Glass, Turnell, Cochran, Evans, and Seastrong will not be required to pay the filing fee for this action.

3. The financial officer in the clerk's office is directed to refund any filing fee payments made by Parde, Beaver,

Decapiano, Griffith, Glass, Turnell, Cochran, Evans, or Seastrong.

4. The motions to dismiss filed by Parde, Beaver, Decapiano, Griffith, Glass, and Turnell are granted (Filing Nos. 73, 74, 75, 76, 77, 78, 81, 83, and 85).

5. The Court offers Caroline Richardson an opportunity to withdraw from this litigation before the case progresses further. She may wish to take the following points into consideration when making her decision:

- She must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.

- She will be held legally responsible for knowing precisely what is being filed in the case on her behalf.

- She will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- She will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, she will be required to prosecute her claims in a separate action and pay a separate filing fee for each new action.

6. Caroline Richardson shall have 30 days from the date of entry of this order in which to advise the Court whether she wishes to continue as a plaintiff in this group action. If,

by that deadline, Richardson advises the Court that she does *not* wish to participate in the action, she will be dismissed from the lawsuit, her initial partial filing fee will be refunded, and she will *not* be charged a filing fee for this action.[2] **This is the only way to avoid the obligation to pay a filing fee for this action.**

7. Alternatively, if Caroline Richardson wants to pursue her claims individually in a separate lawsuit, she shall so advise the Court in writing, and her claims shall be severed into a new action where a filing fee will be assessed.

8. **If Caroline Richardson simply does not respond to this Memorandum and Order within 30 days, she will be obligated to pay the full filing fee and will also be dismissed from this**

---

[2] As the lead plaintiff, Sexton may choose to voluntarily dismiss or sever her claims, but may not escape her obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

**action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

DATED this 29th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.