IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA K. SEXTON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV164 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL KENNEY, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This action was filed by 24 prisoner plaintiffs on May 27, 2014 (Filing No. 1). All but one plaintiff has asked to be dismissed from this action. The only remaining plaintiff, Lisa Sexton, has been granted leave to proceed in forma pauperis (Filing No. 70). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Plaintiff and 23 other prisoners incarcerated at the Nebraska Center for Women in York, Nebraska, sued 12 employees of the Nebraska Department of Correctional Services ("NDCS"), including wardens, assistant wardens, program directors, and unit managers. No specific allegations are made with respect to any defendant in the complaint. Rather, all individuals are referred to collectively as "Defendants."

The complaint alleges Defendants systematically discriminate against females incarcerated by the NDCS. Since 2013, women have not been allowed to participate in the work ethic camp (Filing No. 1 at CM/ECF p. 7). In addition, "women are required to complete programs such as intensive outpatient therapy but are banned due to their sex and therefore are not given 'points' for programming, which is then used to deny the same women participation in community custody." (*Id.* at CM/ECF p. 8.)

The complaint sets forth the following statement for relief:

> Order the defendants and the Nebraska Department of Correctional Services to offer WEC (work ethic camp) to women as they did until 2013 in a separate place (if they claim security issues by a shared site) and order them to stop using "overrides" to ignore their own classification system in the systematic refusal of community custody for women.

(*Id.* at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§

-2-

1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also

-3-

must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The complaint, as it pertains to plaintiff, is deficient in three respects. First, it is unclear from the allegations whether the complaint asserts plaintiff's legal rights or interests. Pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013). Moreover, in order for a plaintiff to proceed with her claims, she must have standing. As a general rule, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Here, plaintiff alleges that women at the Nebraska Center for Women are being subjected to unconstitutional conditions. However, she does not allege that she, rather than other prisoners, is being subjected to unconstitutional conditions. For example, plaintiff does not allege in the body of the complaint that she sought, but was denied, participation in the work ethic program or that she was denied community custody based

-4-

on the classification "overrides" referenced in the complaint. Plaintiff must assert her own legal rights and interests, and not the legal rights and interests of third parties.

Second, while plaintiff names 12 individuals as defendants in this matter, she makes no allegations against any of them in the body of her complaint. For example, she does not allege that any of them are personally involved in the alleged constitutional violations or that any of them are responsible for the policy decisions referenced in the complaint. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). See Krych v. Hvass, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). Here, plaintiff has failed to state a claim upon which relief can be granted against any named defendant.

Third, plaintiff seeks only injunctive relief against Defendants acting in their official capacities, but fails to state an injunctive-relief claim against any defendant because she did not attribute any alleged ongoing misconduct to any specific defendant.  See Nix v. Norman, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner.")

On the Court's own motion, plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that asserts her legal rights or interests and not the legal rights or interests of third parties, and that sets forth a short and plain statement of the claims against each defendant.  Plaintiff should be mindful to explain what each defendant did or is doing to deprive her of her constitutional rights, and what specific legal rights plaintiff believes that particular defendant has violated.  If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

**IV.      REQUEST FOR CLASS CERTIFICATION**

The complaint includes a request for class certification. Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). For these reasons, plaintiff's request for class certification will be denied.

IT IS ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. This matter will be dismissed without prejudice and without further notice if plaintiff fails to file an amended complaint in accordance with this Memorandum and Order.

2. The clerk's office is directed to set a pro se case management deadline in this matter: January 16, 2015.

3. Plaintiff's request for class certification is denied.

4. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure

to do so may result in dismissal of this case without further notice.

       DATED this 16th day of December, 2014.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.